UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER HOVIS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 2:10-cv-232-JMS-TAB |
| | ) |
| JAMES BASINGER, | ) |
| | ) |
| Respondent. | ) |

### Entry Discussing Amended Petition for Writ of Habeas Corpus

In a prison disciplinary proceeding identified as No. ISR 07-10-0297, Christopher Hovis was found guilty of a Class A 100 offense, violation of any state law. The specific conduct associated with this violation was the filing of false or fraudulent tax documents. Hovis' amended petition for writ of habeas corpus challenging this proceeding must be **denied.** The court reaches this conclusion because no review is permitted as to the claim(s) not fully presented in the course of an administrative appeal. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002). Hovis contends that he did submit an appeal to the Final Reviewing Authority, but the expanded record shows otherwise.

The foregoing circumstances establish Hovis' procedural default. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court."). Hovis could overcome the consequence of this default–which is to preclude review of the merits of his claims–by "demonstrat[ing] either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). He has not done so.

Even if the court concluded otherwise concerning either the occurrence of procedural default or the possibility of overcoming that default, moreover, Hovis would not be entitled to relief. Due process in this setting requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). Here, the pleadings and the

expanded record show that the decision of the hearing officer was supported by the constitutionally sufficient "some evidence." The pleadings and the expanded record also show that the procedural protections required by *Wolff* were provided. The challenged disciplinary proceeding, therefore, is not tainted by procedural error.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Id.,* at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hovis to the relief he seeks, even apart from his unexcused procedural default. Accordingly, Hovis' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/10/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana